UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| **MAINLINE DISASTER RECOVERY SERVICES, LLC, a Florida limited liability company,**<br><br>Plaintiff,<br><br>v.<br><br>**MICHAEL NEMIROFF, an individual,**<br><br>Defendant. | Case No. 05-CV-825-AA<br><br>**STIPULATED ORDER TO EXTEND TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ENTER** |

This matter came before the Court by stipulation of the parties on August 3, 2005.

On June 13, 2005, the Court granted plaintiff Mainline Disaster Recovery Services, LLC's ("MDRS") Motion for Temporary Restraining Order and Order to Show Cause Why a

STIPULATED ORDER TO EXTEND TEMPORARY RESTRAINING ORDER AND ORDER
TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ENTER
Page 1

Preliminary Injunction Should Not Enter. The Temporary Restraining Order entered by the Court required defendant Michael Nemiroff to do the following:

1. Immediately cease from receiving, misappropriating, and diverting checks and funds belonging to MDRS to his personal or business accounts and deposit all such items into an escrow account, the terms of which to be agreed to by counsel for the parties;

2. Immediately freeze all transactions and activities relating to any and all financial and/or bank accounts under the name "Mainline Disaster Recovery Services" or any similar name;

3. Immediately cease from using the name "Mainline Disaster Recovery Services" or any similar name;

4. Immediately transfer, assign, and redirect to MDRS all rights, use, and authority to the toll free number 800-598-8808;

5. Immediately cease from misappropriating and using MDRS's trade secrets;

6. Immediately cease from soliciting, contacting, calling upon, and/or communicating with actual and/or prospective customers of MDRS with a view to selling or providing any deliverables or service competitive or potentially competitive with any deliverables or service sold or provided by MDRS;

7. Immediately cease from engaging in or performing any activities which in any way compete with the business of MDRS anywhere within the geographic area in which defendant Nemiroff performed services for MDRS; and

8. Immediately cease from using and/or divulging confidential information and/or business secrets of MDRS.

/ / /

/ / /

/ / /

The Court ordered that the Temporary Restraining Order expire at 4 p.m. on June 23, 2005, unless the parties consented to its extension. The Court further ordered that defendant Michael Nemiroff appear before The Honorable Ann L. Aiken at 8:30 a.m. on June 23, 2005 to show cause, if any there be, why a preliminary injunction should not issue.

Upon the stipulation of the parties, on June 22, 2005, the Court ordered that the Temporary Restraining Order be extended and expire at 4 p.m. on July 7, 2005, unless the parties consented to its extension. The Court further ordered that the defendant appear before The Honorable Ann L. Aiken at 1:30 p.m. on July 7, 2005 to show cause why a preliminary injunction should not issue.

Upon the stipulation of the parties, on July 7, 2005, the Court ordered that the Temporary Restraining Order be extended and expire at 4 p.m. on August 4, 2005, unless the parties consented to its extension. The Court further ordered that the defendant appear before The Honorable Ann L. Aiken at 10 a.m. on August 4, 2005 to show cause why a preliminary injunction should not issue.

Based upon the stipulation of the parties, it is

ORDERED that the Temporary Restraining Order entered in this case shall be extended and will expire at 4 p.m. on September 23, 2005 unless for good cause shown it is extended or unless the parties consent to its extension. It is further

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

STIPULATED ORDER TO EXTEND TEMPORARY RESTRAINING ORDER AND ORDER
TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ENTER

ORDERED that at 1:30 p.m. on September 23, 2005 or as soon thereafter as the parties can be heard, the defendant shall appear before The Honorable Ann L. Aiken in the United States District Court for the District of Oregon in Eugene, Oregon, to show cause, if any there be, why a preliminary injunction should not issue.

SO ORDERED this 4 day of August, 2005.

_____
THE HONORABLE ANN L. AIKEN
UNITED STATES DISTRICT COURT JUDGE

SUBMITTED BY:

_____
Robert C. Weaver, Jr., OSB #80135
Michael R. O'Connor, OSB #97501
Adam R. Kelly, OSB #02343
GARVEY SCHUBERT BARER
121 SW Morrison Street, 11th Floor
Portland, OR 97204
Telephone: 503 228-3939
Facsimile: 503 226-0259
Email: rweaver@gsblaw.com
       moconnor@gsblaw.com
       akelly@gsblaw.com

Attorneys for Plaintiff

STIPULATED ORDER TO EXTEND TEMPORARY RESTRAINING ORDER AND ORDER
TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ENTER

# CERTIFICATE OF SERVICE

I hereby certify that the foregoing **STIPULATED ORDER TO EXTEND TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ENTER** was served on:

Peter H. Glade
Markowitz Herbold Glade & Mehlhaf PC
1211 SW Fifth Avenue, Suite 3000
Portland, OR 97204

by mailing a complete and correct copy thereof, contained in a sealed envelope, addressed as set forth above and deposited in the United States mail at Portland, Oregon, with postage thereon prepaid, on August 3, 2005.

DATED: August 3, 2005.

_____
Robert C. Weaver, Jr., OSB #80135
Michael R. O'Connor, OSB #97501
Adam R. Kelly, OSB #02343
GARVEY SCHUBERT BARER
121 SW Morrison Street, 11th Floor
Portland, OR 97204
Telephone: 503 228-3939
Facsimile: 503 226-0259
Email: rweaver@gsblaw.com
moconnor@gsblaw.com
akelly@gsblaw.com

Attorneys for Plaintiff